FILED

OCT 22

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. **2:07cr262-WKW** |
| | ) | [18 USC 922(g)(1)] |
| TOMMY LEE MOORE | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about April 17, 2007, in Montgomery County, within the Middle District of Alabama,

TOMMY LEE MOORE,

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)  October 13, 1983, Burglary 3rd, case number CC 83-529, in the Circuit Court of Lee County, Alabama;

2)  October 13, 1983, Theft 2nd, case number CC 83-526, in the Circuit Court of Lee County, Alabama;

3)  March 27, 1981, Burglary 3rd, case number CC 81-003, in the Circuit Court of Russell County, Alabama;

4)  May 8, 1979, Burglary 2nd, case number CC 79-188, in the Circuit Court of Russell County, Alabama;

5)  June 23, 1978, Burglary 2nd, case number CC-78-261, in the Circuit Court of Russell County, Alabama,

did knowingly possess in and affecting interstate commerce a firearm, to-wit:

a .38 caliber Iver Johnson revolver, a better description of which is unknown to the grand jury,

in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment the defendant,

TOMMY LEE MOORE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

A .38 caliber Iver Johnson revolver.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

 (1) cannot be located upon the exercise of due diligence;

 (2) has been transferred, sold to, or deposited with a third person;

 (3) has been placed beyond the jurisdiction of the court;

 (4) has been substantially diminished in value; or,

 (5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described above.

All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Matthew W. Shepherd
Assistant United States Attorney